[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is an objection to an attorney fact-finder's report pursuant to Practice Book § 23-57. Previously, Judge Adams entered judgment on this matter on January 24, 2001, but he subsequently reopened and vacated his decision on April 2, 2001, because the defendant, John Voloshin, had not received notice of the proceedings leading to that judgment. The court will now consider the defendant's sole objection to the fact-finder's report.
This case arises from the alleged failure of the defendant's company to CT Page 11702 pay for goods and services purchased on a line of credit with the plaintiff, New England Building Products, Inc. The complaint is in two counts, the first alleges that the defendant failed to pay, and the second alleges that the defendant, and not the defendant's company, Home Investment Corporation, is personally liable under the terms of the credit application.
The crux of this case, and the objection before the court, is whether the defendant is personally liable for his company's default on the credit line. The plaintiff and the defendant's company entered an agreement whereby the plaintiff would extend a line of credit to the defendant's company pursuant to the terms of a preprinted credit application that the defendant filled out on behalf of his company. The application consists of spaces in which the applicant can describe himself, herself or itself, including such information as the applicant's name and address as well as a list of references, among other things. It also includes a space labeled "Guarantor." Listed in the line labeled "Guarantor" is the defendant's name.
On the bottom of the application are three signature lines. The first signature line is labeled "Signature of Duly Authorized Officer." The second signature line is labeled "Individually." The third signature line is labeled "Spouse." It is uncontested that the defendant's handwriting appears on both the second and third lines. What is contested is whether the defendant intended to bind himself personally on the credit line when he wrote his name on the second line, or whether the defendant had something else in mind. Indeed, the writing on the two lines is very different. The writing on the first line looks like a signature, and the writing on the second line, by comparison, looks like print. The third line is blank.
The fact-finder made the following findings that are relevant to this objection:
 5. The credit application shows that the Defendant signed the same as "Guarantor" under the address of the corporation Home Investment Corporation and in the presence of Richard Vorvis, the Plaintiffs salesman.
 6. Mr. Vorvis testified further that Mr. Voloshin also signed his name as Guarantor on the bottom [of] the credit application individually and as Duly Authorized Officer, although his signature is different in the two places.
 7. The Defendant in his brief states that Voloshin did not sign on the individual line of the credit application. But clearly on CT Page 11703 examination of the document, he did so as there was reserved a space for a "spouse" to sign which was left blank.
Based on these findings, the fact-finder recommended that judgment should enter against the defendant in the amount of $4904.80.
The defendant objects to the seventh finding, arguing that it provides no rational basis for the conclusion that the defendant signed as an individual. The defendant argues that the handwriting on the signature line labeled "Individually" is not a signature, but rather that it is his printed name identifying the signature on the line above. The plaintiff, on the other hand, argues that there is ample evidence before the fact-finder that supports his finding, including the fact that the defendant wrote his name on the line labeled "Guarantor," and the fact that Vorvis testified that the defendant intended to personally guarantee the loan.
At issue here is a question of fact. The standard of review the court applies when considering objections to an attorney fact-finder's finding is clear error. Meadows v. Higgins, 249 Conn. 155, 162, 733 A.2d 172
(1999). "It is axiomatic that [a] reviewing authority may not substitute its findings for those of the trier of facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous. . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Brackets in original; citations omitted; internal quotations omitted.) Id.
Finding number seven is not elegantly stated. The court is unable to make out how the fact that the signature line that was reserved for a spouse, but which was left blank, bears on the issue of the defendant's intent to personally guarantee the credit application or not. Taken as a whole, however, the findings support the fact-finder's conclusion that the defendant did in fact make himself personally liable on the credit line. The fact-finder reviewed the credit application, which was entered into evidence, and the fact-finder heard testimony from Vorvis, to the CT Page 11704 effect that the defendant intended to personally guarantee the contract. The defendant has failed to establish that these findings are clearly erroneous, and, accordingly, the defendant's objection is overruled.
As there is no other objection, the court concludes that judgment should enter in accordance with the fact-finder's recommendations. Accordingly, judgment is entered for the plaintiff in the sum of $4904.80.
Holden, J.